SHARON A. URIAS (SBN 016970)
DANIEL F. NAGEOTTE (SBN 035562)
**GREENSPOON MARDER LLP**
8585 E. Hartford Drive, Ste. 700
Scottsdale, AZ 85255
Tel. 480.306.5458
Email: sharon.urias@gmlaw.com
Email: daniel.nageotte@gmlaw.com
Firm Email: azdocket@gmlaw.com

JAMEY R. CAMPELLONE (Fla. Bar. 119861, *Pro Hac Vice Anticipated*)
STEPHEN FONSECA (Fla. Bar 1051058, *Pro Hac Vice Anticipated*)
**GREENSPOON MARDER LLP**
1800 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301
Tel. (954) 527-6296
Email: jamey.campellone@gmlaw.com
Email: stephen.fonseca@gmlaw.com
Email: gabby.mangar@gmlaw.com

*Attorneys for Defendants Insurance Pipeline, Inc. and Andrew Shader*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>Plaintiff,<br><br>vs.<br><br>Insurance Pipeline Inc, and Andrew Shader,<br><br>Defendants. | Case No. 2:24-CV-00597-CDB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1] AND INCORPORATED MEMORANDUM OF LAW** |

Defendants, Insurance Pipeline, Inc. ("Insurance Pipeline") and Andrew Shader ("Shader") (collectively, "Defendants"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6), request that this Court enter an Order dismissing the Complaint [D.E. 1] ("Complaint") filed by Plaintiff Jason Crews ("Crews"). In support of their Motion to Dismiss, Defendants state as follows:

**INTRODUCTION**

Plaintiff filed this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 *et seq.* ("FTSA"). At its core, Plaintiff's Complaint attempts to allege that a corporate entity (Insurance Pipeline) and an individual allegedly associated with that entity (Shader) both violated the TCPA and FTSA by sending calls to Plaintiff's cellular phone using an Automated Telephone Dialing System ("ATDS") while Plaintiff's phone was on the National Do Not Call Registry ("DNC"). *See* D.E. 1, ¶¶ 78–95.

Plaintiff's Complaint should be dismissed for at least three (3) independent reasons. First, as a threshold issue, the Complaint suffers from multiple defects characteristic of a shotgun pleading, namely, improperly lumping its counts together by incorporation, failing to specify key factual details connected to each of said counts, and asserting multiple claims against the amorphous "Defendants" without specifying which of the Defendants are responsible for which acts (if any at all). Second, Plaintiff fails to allege sufficient facts establishing that Shader had any personal or direct participation in the conduct that allegedly violated the TCPA and FTSA, or that he knowingly authorized such conduct. Instead, Plaintiff simply assumes that Shader was somehow involved in the alleged calls and/or authorized the alleged calls without even attempting to lay out a factual basis for such alleged involvement. *See* D.E. 1, ¶ 11. Finally, Plaintiff attempts to bring a claim under Florida law (FTSA) without any attempt to establish standing thereunder, alleging no connection to the state of Florida and thus not being availed to the statutory protections of its

2

laws in this jurisdiction. Based on these reasons and more, this Court should enter an Order dismissing Plaintiff's Complaint in its entirety.

## DISCUSSION

### I.  Standard of Review.

Federal Rule of Civil Procedure 8(a) states that pleadings "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In addition, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practical to a single set of circumstances." Fed. R. Civ. P. 10(b). Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss a complaint that fails to state a claim upon which relief may be granted. A complaint is legally insufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is 'plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Although the court must take a complaint's factual allegations as true in assessing whether such allegations meet the standard of plausibility, the court need not accept the truth of legal conclusions or draw "unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000)). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## II.   Plaintiff's Complaint is a Shotgun Pleading that Fails to Comply with Rule 8(a) and Rule 10(b).

Plaintiff's Complaint should be dismissed because Plaintiff's pleading violates Federal Rules of Civil Procedure 8(a) and 10(b). Specifically, Plaintiff's allegations fail "to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests," instead exemplifying (in multiple ways) what courts in the Ninth Circuit have repeatedly condemned as a "shotgun pleading." *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 7643170, at *13 (D. Ariz. Dec. 23, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)); *see also, e.g.*, *Physicians Care All., LLC v. All Day Beauty, LLC*, No. 2:18-CV-2602-HRH, 2019 WL 176782, at *2 (D. Ariz. Jan. 11, 2019); *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467, at *15 (S.D. Cal. Nov. 29, 2022); *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022). District Courts possess inherent authority to control their docket and ensure the prompt resolution of lawsuits, which includes the power to dismiss complaints that fail to comply with Rule 8(a) and Rule 10(b)—*i.e.*, shotgun pleadings. *Weiland*, 792 F.3d at 1320; *see also Marshall v. United Nations*, 2006 WL 1883179, at *3 (E.D. Cal. July 6, 2006) ("When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or sua sponte, to dismiss the complaint . . . ") (citing *Simmons v. Abruzzo*,

4

49 F.3d 83, 86 (2d Cir. 1995)). Indeed, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Gurrola v. Jervis*, No. CV 08-8029-GW JTLX, 2009 WL 9548218, at *3 (C.D. Cal. Apr. 2, 2009) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996)).

Here, Plaintiff's shotgun pleading is purposefully crafted to obscure the nature of the allegations levied against Defendants, rendering it effectively impossible to discern what purportedly unlawful activity is being ascribed to Insurance Pipeline, Shader, or both. Specifically, Plaintiff's means of obscuring his allegations are threefold: (1) by incorporating into each of his counts the allegations of all preceding counts, (2) by vaguely and imprecisely alleging facts essential to his claims, and (3) by asserting multiple claims against the amorphous "Defendants" without specifying which of the two Defendants are responsible for which specific acts or omissions, or which of the two Defendants the claim is brought against. Each of these characteristics of Plaintiff's Complaint, **on their own**, would be enough to warrant dismissal. *Casavelli*, 2020 WL 7643170, at *13 (citing *Weiland*, 792 F. 3d at 1321-1323).

First, Plaintiff commits the "mortal sin of re-alleging all preceding counts," and the Complaint thus "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F. 3d at 1321. Plaintiff commits this "mortal sin" to a tee, as "Plaintiff incorporates the foregoing allegations as fully

set forth herein" to lead off every one of the Complaint's three counts. *See* D.E. 1, ¶¶ 78, 84, 89. Such a pleading style "overwhelm[s] defendants with an unclear mass of allegations and make[s] it difficult or impossible for defendants to make informed responses to the plaintiff's allegations," particularly in light of the fact that Plaintiff intends to bring claims against multiple defendants, including an individual defendant. *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-766 AG (ANx), 2010 WL 2674456, at *1 (C.D. Cal. June 30, 2010); *see also SEC v. Patel*, 2009 WL 2015794, at *1–2 (D.N.H. July 7, 2009) (criticizing this pleading style because "to reasonably determine that any particular claim should not be dismissed would require the court to first comb the complaint in search of factual support for each element of the multiple claims pled as to each defendant, and then evaluate the adequacy of that factual support, [which] is, of course, plaintiff's job in the first instance, not the court's.").

Second, Plaintiff fails to meet the necessary pleading requirements by vaguely and imprecisely alleging key facts essential to his claims, at times confusingly referring to certain calls, individuals, and industry terms in such a way that renders the Complaint internally contradictory, and otherwise failing to specify necessary factual bases of his claims. For example, the Complaint simply asserts in conclusory manner that Defendants used an ATDS, while elsewhere referring to prerecorded calls. *See* D.E. ¶¶ 56, 81. Indeed, this appears not to have been the first time Plaintiff has failed to adequately allege such facts: in a recent case in which Plaintiff similarly brought suit before this Court alleging—in apparently identical fashion—violations of the TCPA against an unrelated defendant, Judge Lanza held that "[a]lthough the Complaint acknowledges that '[a]udible pauses, clicks, and beeps are the

hallmarks of ATDS systems' (Doc. 1 ¶ 47), the complaint does not allege that Plaintiff heard any pauses, clicks, or beeps when he answered the challenged calls," thus finding that the claim was without sufficient merit to even grant default judgment. *Jason Crews, Plaintiff, v. Sun Sols. AZ LLC, et al., Defendants. Additional Party Names: Justin Villalobos*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *4 (D. Ariz. June 10, 2024). The same failure of Plaintiff to allege having actually encountered any of the indicia of an ATDS holds true here, as well, and therefore calls for a similar result—dismissal. Moreover, Plaintiff bizarrely mixes up the names of individuals whom he claims to have spoken to during the calls in question (D.E. 1, ¶¶ 23-24) and refers to calls occurring on dates that he elsewhere does not acknowledge as having been dates on which the calls implicating the TCPA took place (D.E. 1, ¶¶ 18, 22). As Plaintiff's claims of damages are tied directly to the number of calls at issue, the confusion caused by Plaintiff's failure to clearly allege such calls, by itself, fatally dooms his Complaint under Rules 8(a) and 10(b).

      Finally, Plaintiff's decision to group the Defendants together (and broader ambiguity in failing to specify which Defendant is being referred to when the term appears in the singular) puts the final and perhaps most critical nail in the Complaint's coffin. Ostensibly crucial allegations vaguely refer to "Defendants" collectively, namely: allegations concerning the use of an ATDS (D.E. 1, ¶¶ 12, 18, 55-56, 79), the placement of calls to Plaintiff (D.E. 1, ¶¶ 8, 18, 60-61, 79, 85), failure to provide a "DNC policy" upon request (D.E. 1, ¶¶ 60-61, 79, 85), and critically, all allegations in Counts One and Two (D.E. 1, ¶¶ 78-88). Apart from the legal implications of such failure, this ultimately renders many of the allegations nonsensical, as it is simply illogical to assert, for instance, that certain alleged

specific actions (like the placement of a phone call) could have been performed by two distinct defendants—one a corporate entity and the other, an individual. Further, Plaintiff's Complaint similarly offers no insight into precisely which Defendant it is referring to when it describes "Defendant's debt relief services" (D.E. 1, ¶ 51), or indeed, which Defendant is intended to be the subject of the claim presented as Count Three (D.E. 1, ¶¶ 89-95).

Ninth Circuit courts are clear that the failure to specify which claims apply to which defendant, in suits where plaintiff(s) allege multiple claims against multiple defendants, **is a fatal deficiency** that renders such claims subject to dismissal. *See, e.g.*, *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467, at *16 (S.D. Cal. Nov. 29, 2022) ("Counts I through VII impermissibly **lump all Defendants together** using the omnibus terms 'CCDs' and 'Defendants.' [. . .] Group pleading generally is violative of Rule 8(a)(2) because it **deprives each Defendant from discerning what it, specifically, did wrong**." (emphasis added) (citing *Sollberger*, 2010 WL 2674456, at *4)); *Anderson v. JPMorgan Chase & Co.*, No. C18-73 RSM, 2018 WL 3608405, at *3 (W.D. Wash. July 26, 2018) ("The Court finds that this pleading fails the *Twombly/Iqbal* standard by conflating the actions of Defendants and generally lacking sufficient detail. Therefore this claim is properly dismissed"); *Chagolla v. Vullo*, No. CV-17-01811-PHX-SPL, 2018 WL 10602297, at *2 (D. Ariz. Mar. 30, 2018) (holding that complaint failed to meet federal pleading requirements where "Plaintiff does not provide sufficient notice to the Defendants as to **how each individual Defendant allegedly violated each of the various laws** and constitutional rights cited in the amended complaint"); *Physicians Care All., LLC v. All Day Beauty, LLC*, No. 2:18-CV-2602-HRH, 2019 WL

176782, at *2 (D. Ariz. Jan. 11, 2019) (emphasis added); *Clark v. Mayfield*, 74 A.F.T.R.2d 94-7323 (S.D. Cal. Nov. 21, 1994) ("[F]ederal courts repeatedly have required a plaintiff suing multiple defendants to set forth sufficient facts to lay a foundation for recovery against each particular defendant named in the suit").

Thus, if these claims were allowed to stand (they should not), Defendants would be forced to each defend themselves from every allegation in the Complaint, and moreover, to decipher the bases upon which they are being sued without notice of what facts Plaintiff believes would render them liable for each of the eight (8) calls alleged in the Complaint. At bottom, the Complaint commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F. 3d at 1322-1323. This is yet another demonstration of the Plaintiff's use of impermissible shotgun pleading, any one of the foregoing examples of which would **alone** be sufficient to justify dismissal of the Complaint in its entirety.

### III. Plaintiff's Complaint Fails to State a Claim under the TCPA against Individual Defendant Andrew Shader.

Plaintiff's Complaint simply does not sufficiently plead facts that could support a finding of individual liability against Shader. As a general rule of agency law, the personal liability of a corporate director or officer must be "founded upon specific acts by the individual director or officer." *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014) (citing *United States v. Reis*, 366 Fed.Appx. 781, 782 (9th Cir.2010)). With respect to the TCPA, courts have routinely held that officers of a corporation may not be

held individually liable simply because the corporation violated the TCPA. *See, e.g., Shelton v. CSG Solutions Consulting LLC*, 2019 WL 11504659, *1 (M.D. Fla., Feb. 5, 2019) (before corporate officers may be held personally liable under the TCPA, they must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct, and were not merely tangentially involved); *Mais v. Gulf Coast Collection Bureau, Inc.,* No. 11–61936–CIV–SCOLA, 2013 WL 1283885, *1 (S.D. Fla. Mar. 27, 2013) (granting summary judgment in favor of corporate officer defendant due to lack of evidence that the individual defendant "had anything personally to do with the calls made" to plaintiff, or that he "authorized or personally engaged in conduct that clearly violated the TCPA").

Plaintiff's Complaint contains few (if any) allegations of fact regarding Shader, and certainly none that would support the notion that he was somehow personally involved in any activity that would make him liable under the TCPA (or FTSA for that matter). In fact, the **only** factual allegation made by Plaintiff tying Shader to the complained-of conduct may be found in paragraph 11, wherein Plaintiff conclusory states: "Shader personally participated in the complained-of actions by personally directing and authorizing the scripting and selecting of calls to be made, selecting, and orchestrating the calling strategy, including by choosing to use pre-recorded calls." D.E. 1, ¶ 11. And indeed, in the apparently identical suit filed by Plaintiff referred to above, Judge Lanza determined that "[t]he allegation that [company owner Justin] Villalobos 'personally participated [. . .] by personally directing and authorizing the scripting and selecting of calls to be made' and by 'orchestrating the calling strategy, including by choosing to use pre-recorded calls' (Doc. 1

¶11)¹ is conclusory and unsupported by specific facts." *Jason Crews, Plaintiff, v. Sun Sols. AZ LLC, et al., Defendants. Additional Party Names: Justin Villalobos*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *7 (D. Ariz. June 10, 2024). Astutely observing that "the allegation also appears to be boilerplate," Judge Lanza held that the calls in which the individual defendant did not personally participate (by means of directly speaking with Plaintiff) **were not actionable under the TCPA**. *Id*.

As such, Plaintiff fails to allege any specific facts to support a claim that Shader actually committed the conduct that violated the TCPA (or FTSA), made any of the calls, or actively oversaw and/or directed conduct that violated the statutes at issue. Instead, Plaintiff simply asserts the generic, conclusory statement that Shader is the one individually initiating the alleged calls and/or authorizing the alleged calls to Plaintiff. D.E. 1, ¶ 11. And, just as Judge Lanza held, Plaintiff's conclusory allegations are not enough to state a claim for personal liability. *See also Rucker v. National Automotive Financial Services, LLC*, 2021 WL 4482831 (D. N.J., Sept. 30, 2021) (dismissing claim for personal liability under the TCPA where plaintiff advanced generic allegations that the calls were made "under the direction" of owner and president of company and that owner and president of company "oversaw, directed and authorized" his companies and the calls at issue); *Bank v. Simple Health Plans LLC*, 2019 WL 7878570, at *7 (E.D.N.Y. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 606619 (E.D.N.Y. Feb. 7, 2020) (Courts have

---

¹ Indeed, the citation in Judge Lanza's decision appears to confirm that the **exact same** paragraph—paragraph 11—contained the exact same content verbatim as that in the instant case, but for the swapping out of the other defendant's officer's name with that of Shader's. This is indicative of a form complaint that cannot be supported by material facts.

consistently found that conclusory allegations that corporate officers personally participated in violations of the TCPA are insufficient to state a claim); *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *2 (D. Md. Sept. 2, 2016) (finding that a corporate officer was not liable for violations of the TCPA where plaintiff alleged that the officer defendant approved of the telemarketing patterns and "ratified the acts and conduct of all person [sic] involve [sic] in the Scam" because such allegations were not within the knowledge of the plaintiff and therefore amounted to mere conclusions with no supporting factual basis); *Shelton*, 2019 WL 11504659, *1 (M.D. Fla., Feb. 5, 2019) (dismissing claims against individuals where plaintiff failed to distinguish between the individual defendants to determine which of the individual defendants supervised and directed employees to violate the TCPA).

Plaintiff's attempt to plead claims against Shader rests on an incorrect assumption that his mere status within the corporate entity at issue somehow necessarily subjects him to individual liability under the TCPA. It does not. At bottom, Plaintiff's Complaint fails to plead sufficient facts showing that Shader had direct personal participation in, or personally authorized, the alleged calls to Plaintiff. Plaintiff did not allege (because he cannot) any factual support to indicate that Shader oversaw day-to-day operations, set company policies, or was otherwise a central figure and/or guiding force behind the alleged violations. As a result, Plaintiff's claims against Shader should be dismissed with prejudice because Plaintiff has not met (and cannot meet) his burden to state a plausible claim upon which relief can be granted.

/ / /

/ / /

**IV.     Plaintiff Lacks Standing to Bring a Claim Under Florida Law.**

Plaintiff's third count alleges violations against an unspecified "Defendant" for violations of the Florida Telephone Solicitation Act. However, it is unclear why Plaintiff believes he should be availed to the protections of a Florida statute when he neglects to allege **any** connection to the state of Florida. Indeed, it appears that the only mention of the state of Florida in the Complaint (outside of Count Three) is the one designating Shader as a "resident of Boward [sic] County, Florida." *See* D.E. 1, ¶ 6.

Needless to say, an allegation speaking to a defendant's state of residence is not tantamount to a demonstration that **Plaintiff** has standing to sue under the consumer protection laws of that state, particularly where the legally-pertinent transactions occurred elsewhere. *See Forsher v. Frank Brunckhorst Co.*, LLC, No. 17-CV-04974-CW, 2019 WL 13201945, at *7 (N.D. Cal. Nov. 7, 2019). Generally, a "consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). In fact, the Ninth Circuit has dispensed of Florida state law claims on such grounds before, finding that "[b]ecause Plaintiff has not alleged facts to show standing to bring claims under Florida state law, those claims must be dismissed." *Forsher*, 2019 WL 13201945, at *7. Therefore, Plaintiff's FTSA claim should similarly be dismissed with prejudice for an analogous failure to allege facts showing standing to bring claims under Florida consumer protection laws. *Id*.

## **CONCLUSION**

Plaintiff's Complaint is a shotgun pleading that broadly fails to put Defendants on notice of the claims against each Defendant. Furthermore, Plaintiff's Complaint fails to state

a claim for personal liability against Shader. Finally, Plaintiff fails to establish any standing to bring a Florida state law claim under the FTSA—Plaintiff is not alleged to be a resident of Florida and Plaintiff alleges the calls where directed to him while in this District. For these reasons, this Court should dismiss Plaintiff's Complaint in its entirety.

**WHEREFORE**, Defendants, Insurance Pipeline, Inc. and Andrew Shader, respectfully request this Court to enter an Order dismissing Plaintiff's Complaint [D.E. 1] and award any such further and other relief in favor of Defendants as this Court may deem just and proper.

Dated: June 11, 2024.

**GREENSPOON MARDER LLP**

By: */s/ Daniel Nageotte*
Daniel Nageotte
8585 E. Hartford Drive, Suite 700
Scottsdale, AZ 85255

By: */s/ Jamey R. Campellone*
Jamey R. Campellone (*Pro Hac Vice Anticipated*)
Stephen Fonseca (*Pro Hac Vice Anticipated*)
1800 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301

*Attorneys for Defendants Insurance Pipeline, Inc. and Andrew Shader*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

                                                             */s/ Marlee Grayson*