Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Jason Crews,<br><br>        Plaintiff,<br>vs.<br>Insurance Pipeline, Inc, *et al.*<br>        Defendants. | Case No.: c<br><br>Plaintiff's Motion To Strike Defendants' Motion To Dismiss Plaintiff's Complaint And Incorporated Memorandum Of Law, Motion To Show Cause Why Defendant's Did Not Confer Prior To Filing a Motion to Dismiss under 12(b)(6), and Motion To Compel Defendants' participation in a 26(F) Conference<br><br>DEMAND FOR JURY TRIAL |

**Procedural Background.**

- On March 21, 2024, Plaintiff filed his complaint alleging violations of the TCPA by Defendants Insurance Pipeline, Inc., and Andrew Shader.
- On April 12, 2024, Plaintiff was contacted by Chris Meier from GreenspoonMarder, who claimed to represent both defendants in this case.
- On April 18, 2024, Mr. Meier returned signed waivers of the service of summons for both defendants. Docs. 11, 12. Along with the statement "I will be in touch soon to set a call with you."
- On May 6, 2024, Plaintiff emailed Mr. Meier and requested dates and times he would be available for a Rule 26(f) conference.

MOTION - 1

- On May 7, 2024, Mr. Meier responded "As far as the 26(f) conference goes I am not prepared to do that yet.  That is not required until at least 21 days prior to a scheduling conference being held or an agreed scheduling order due."
- On May 7, 2024, in response to Mr. Meier's email wrote, "Correct me if I am wrong, but I believe this is the rule you are referring to.  (f) Conference of the Parties; Planning for Discovery. (1) Conference Timing. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties **must confer as soon as practicable** -- and in any **event, at least 21 days before a scheduling conference** is to be held or a scheduling order is due under Rule 16(b)."
- On May 8, 2024, after receiving no response from Mr. Meier, Plaintiff followed up, stating, "I would like to get discovery started."
- On May 9, 2024, Mr. Meier responded, "I am working on getting back to you by next week. Discovery is pre mature at this point and I am not engaging in it."
- On May 17, 2024, after receiving the expected response from Mr. Meier, a follow-up email was sent.
- On May 23, 2024, after receiving no responses to his prior two emails, the Plaintiff wrote to Mr. Meier, "You have not responded to my most recent email dated 5/17/2024. You have declined multiple requests for a 26(f) conference and have been "working on a settlement" since 4/18 without any additional information."
- On May 24, 2024, Mr. Meier responded, "Your requests for a 26(f) conference have been premature, as I responded previously."
- Without any further communication, on June 12, 2024, the Defendants filed a Motion to Dismiss, which *inter alia* moved to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6).

**Motion to Strike**

Pursuant to Local Rules of Civil Procedure ("LRCiv") 12.1, Plaintiff respectfully moves the court to strike Defendants' Motion To Dismiss Plaintiff's Complaint [d.e. 1] And Incorporated Memorandum Of Law ("MTD").

MOTION - 2

**Legal Standard**

LRCiv 12.1 states:
> "No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6) ... will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party ... A motion that does not contain the required certification may be stricken summarily."

**Argument**

First, Mr. Meier refused to conference with Plaintiff multiple times, disregarding Defendant's obligations under 26(f). Then, the defendants' attorneys, Jeremy Campellone, an attorney not admitted to this court, Stephen Fonesca, an attorney not admitted to this court, and Daniel Nageotte, are unknown to the plaintiff. They have made no attempt to contact or conference with Plaintiff by any means, and as a result, their MTD does not contain the requisite certification. This behavior is in direct contravention of LRCiv 12.1 and 26(f), and the the remedy is straightforward: "A motion that does not contain the required certification may be stricken summarily".

**Motion To Show Cause Why Defendants Did Not Confer Prior To Filing a 12(b)(6) Motion to Dismiss**

Next, Plaintiff moves this Court for an order requiring Daniel Nageotte, Jamey Campellone, and Stephen Fonesca to appear and show cause why they should not be held in contempt for failing to follow LRCiv 12.1.

Plaintiff, proceeding *pro se,* realizes that he is not entitled to compensation for time expended in filing the motion in response to Defendant's improper motion as he would be should he be represented by counsel. However, Plaintiff believes that sanctions, even if nominal and not paid to Plaintiff, are justified because Plaintiff did have to expend time and resources responding to this improper motion.

The improper MTD was undersigned by Daniel Nagotte, an attorney admitted to practice law in Arizona and a member in good standing of the Arizona Bar. Whether or not

MOTION - 3

Mrs. Nagotte is responsible for authoring this motion, she electronically signed the filing and is responsible for ensuring that it conforms to all rules applicable to this court.

The improper MTD was also undersigned, and Plaintiff suspects authored by, James Campellone and Stephen Fonseca. Both Mr. Campellone and Mr. Fonseca sign "Pro Hac Vice Anticipated," should they genuinely seek to be admitted to this Court for this matter, it would behoove them to familiarize themselves with the court's rules and conform their filings accordingly.

**Motion To Compel Defendants' Participation in a 26(f) Conference**

Finally, Plaintiff moves the court to compel Defendants' participation in a Rule 26(f) conference.

Plaintiff has requested that Defendants schedule and participate in a conference under rule 26(f) to begin the discovery process on multiple occasions and has no success. Before May 24, the last time Plaintiff had communications with Defendant's Counsel, they misstated Federal Rules 26(f) and refused to engage on multiple occasions.

Plaintiff is unfamiliar with the Court rules in Florida, where this behavior may be the norm. Still, it is not in the District of Arizona, and it has become clear to Plaintiff that defendants will not engage in good faith without the intervention of this Court.

**Conclusion**

The plaintiff respectfully moves this Court for the following:

- Rule that Defendants' Motion To Dismiss Plaintiff's Complaint And Incorporated Memorandum Of Law does not comply with LRCiv 12.1 and should be struck.
- Rule that Daniel Nageotte, Jamey Campellone, and Stephen Fonesca shall appear and show cause why they should not be held in contempt for failing to conform their Defendants' Motion To Dismiss Plaintiff's Complaint And Incorporated Memorandum Of Law to LRCiv 12.1 by failing to confer with Plaintiff under the rule and certifying the conference accordingly in their motion.
- Sanction Daniel Nageotte, Jamey Campellone, and Stephen Fonesca for that failure and forcing Plaintiff to expend time and effort unnecessarily in response.

MOTION - 4

- Compel Defendants' participation in a 26(f) Conference.

RESPECTFULLY SUBMITTED on this June 14, 2024.

                                               */s/Jason Crews*
                                               Jason Crews

MOTION - 5

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

By: _____/s/*Jason Crews*_____
      Jason Crews

MOTION - 6