SHARON A. URIAS (SBN 016970)
DANIEL F. NAGEOTTE (SBN 035562)
**GREENSPOON MARDER LLP**
8585 E. Hartford Drive, Ste. 700
Scottsdale, AZ 85255
Tel. 480.306.5458
Email: sharon.urias@gmlaw.com
Email: daniel.nageotte@gmlaw.com
Firm Email: azdocket@gmlaw.com

JAMEY R. CAMPELLONE (Fla. Bar. 119861, *Admitted Pro Hac Vice*)
STEVEN J. FONSECA (Fla. Bar 1051058, *Pro Hac Vice Anticipated*)
**GREENSPOON MARDER LLP**
1800 E. Broward Blvd., Ste. 1800
Ft. Lauderdale, FL 33301
Tel. (954) 527-6296
Email: jamey.campellone@gmlaw.com
Email: steven.fonseca@gmlaw.com
Email: gabby.mangar@gmlaw.com

*Attorneys for Defendants Insurance Pipeline, Inc. and Andrew Shader*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>                    Plaintiff,<br><br>vs.<br><br>Insurance Pipeline Inc, and Andrew Shader,<br><br>                    Defendants. | Case No. 2:24-CV-00597-CDB<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [D.E. 20] AND INCORPORATED MEMORANDUM OF LAW** |

Defendants, Insurance Pipeline, Inc. ("Insurance Pipeline") and Andrew Shader ("Shader") (collectively, "Defendants"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 8(a), 10(b), and 12(b)(6), request that this Court

enter an Order dismissing the First Amended Complaint [D.E. 20] ("Amended Complaint") filed by Plaintiff Jason Crews ("Crews") with prejudice. In support of their Motion to Dismiss, Defendants state as follows:

**INTRODUCTION**

Plaintiff filed this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 *et seq.* ("FTSA"). At its core, Plaintiff's Amended Complaint attempts to allege that a corporate entity (Insurance Pipeline) and an individual who is alleged to be the President of Insurance Pipeline (Shader) both violated the TCPA and FTSA by allegedly sending calls to Plaintiff's cellular phone using an Automated Telephone Dialing System ("ATDS") while Plaintiff's phone was on the National Do Not Call Registry ("DNC"). *See* D.E. 20, ¶¶ 146–164.

Plaintiff initially failed in his attempt to plead these claims adequately, as demonstrated in Defendants' Motion to Dismiss [D.E. 13]. Rather than attempting to answer to Defendants' arguments raised in the Motion to Dismiss, Plaintiff instead elected to amend his deficient allegations pursuant to Federal Rule of Procedure 15. However, Plaintiff's Amended Complaint fails to remedy the shortcomings of the initial Complaint, and therefore should be dismissed with prejudice due to Plaintiff's evident inability to not only adequately plead his claims, but furthermore, for failing to do so despite having been made aware of the exact deficiencies he has again failed to cure.

The same three (3) critical errors that plagued the initial Complaint remain present. First, Plaintiff again attempts to bring a claim under Florida law (FTSA). Yet, Plaintiff

(again) neglects to make any attempt to establish standing thereunder and alleges no connection to the state of Florida that would avail him to the benefit of its laws. Second, the Amended Complaint remains a textbook example of multiple forms of shotgun pleading, namely, by improperly lumping its counts together by incorporation, omitting or vaguely alleging key facts, and asserting multiple claims against multiple defendants without specifying which of the Defendants are responsible for which acts. Finally, Plaintiff fails to sufficiently allege facts establishing that Shader had any personal or direct participation in the conduct that allegedly violated the TCPA and FTSA, or that he knowingly authorized such conduct. Instead, the Amended Complaint offers only conclusive and boilerplate assumptions deprived of any specific factual detail. Based on these reasons and more, this Court should enter an Order dismissing Plaintiff's Amended Complaint in its entirety with prejudice. Plaintiff's failure to remedy the very same deficiencies that existed in his initial Complaint indicates that he is simply not able to plead these claims sufficiently, and that further leave to amend would be futile.

## DISCUSSION

### I.   Standard of Review.

Federal Rule of Civil Procedure 8(a) states that pleadings "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In addition, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practical to a single set of circumstances." Fed. R. Civ. P. 10(b). Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss a complaint that fails to state a claim upon which relief may be

granted. A complaint is legally insufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is 'plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Although the court must take a complaint's factual allegations as true in assessing whether such allegations meet the standard of plausibility, the court need not accept the truth of legal conclusions or draw "unwarranted factual inferences." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000)). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Moreover, questions over statutory standing are properly viewed as implicating Rule 12(b)(6), rather than Rule 12(b)(1), and should thus be evaluated as to whether a claim is adequately stated, rather than whether subject matter jurisdiction exists. *Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009); *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221-22 (11th Cir. 2008).

## II. Plaintiff Lacks Standing to Bring a Claim Under Florida Law.

Plaintiff's third count alleges that Defendants violated the Florida Telephone Solicitation Act, ostensibly by being based in Florida and placing "telephonic sales calls" to Plaintiff with the help of an ATDS. *See* D.E. 20, ¶¶ 157-164. However, it remains unclear why Plaintiff believes he should be availed to the protections of a Florida statute when he neglects to allege **any** personal connection to the state of Florida (perhaps because he cannot). Even more importantly, the Amended Complaint contains no allegations that would permit the Court to make the necessary threshold determination that Defendants are subject to liability under the FTSA, as Plaintiff pleads no facts to establish that either Defendant meets the definition of "telephone solicitor" under the statute.

While Plaintiff asserts that Defendants possess a number of ties to Florida, allegations as to a defendant's state of residence are not tantamount to a demonstration that the **plaintiff** has standing to sue under the consumer protection laws of that state, particularly where the legally-pertinent transactions occurred elsewhere. *See Forsher v. Frank Brunckhorst Co., LLC*, No. 17-CV-04974-CW, 2019 WL 13201945, at *7 (N.D. Cal. Nov. 7, 2019). Generally, a "consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place." *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). In fact, the Ninth Circuit has dispensed of Florida state law claims on such grounds before, finding that "[b]ecause Plaintiff has not alleged facts to show standing to bring claims under Florida state law, those claims must be dismissed." *Forsher*, 2019 WL 13201945, at *7. Here, Plaintiff fails to allege any facts showing that his injury (or any relevant "transaction") occurred in the state of Florida.

Rather, Plaintiff in fact concedes that he was a resident of Maricopa County, Arizona "at all relevant times." *See* D.E. 20, ¶¶ 5, 17.

Moreover, Plaintiff's standing to bring an FTSA claim is further undermined by the absence of any factual allegations that establish Defendants' liability under the statute. Under the FTSA, a "telephone solicitor" is "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, **doing business in this state**, who makes or causes to be made a telephonic sales call . . ." Fla. Stat. § 501.059(1)(i) (emphasis added). Crucially, "doing business in this state" is itself a defined term in the statute, and "means businesses that conduct telephonic sales calls from a location in Florida or from other states or nations **to consumers located in Florida**." Fla. Stat. § 501.059(1)(e) (emphasis added). Therefore, as a threshold matter, it is necessary for a business to make telephonic sales calls to consumers in Florida in order to be liable under the FTSA—and, in this context, for Plaintiff to allege that Defendants engage in such activity in order to bring an FTSA claim against Defendants. However, the Amended Complaint contains no factual allegations that Defendants make telephonic sales calls to consumers located in Florida, *i.e.*, that Defendants are "doing business in this state" in the manner required to incur liability under the FTSA. *See* D.E. 20, *generally*. Therefore, Plaintiff fails to establish not only his standing to bring an FTSA claim, but also Defendants' liability under that statute; indeed, given Plaintiff's location and lack of any connection to Florida, is it impossible for him to cure this defect by alleging such facts.

Accordingly, Count III should be dismissed with prejudice because Plaintiff has not only twice now failed to adequately allege his FTSA claim, but moreover, will not be able to

plausibly allege the requisite facts to show standing to bring a claim under the FTSA. *See Powell v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00054-PHX-SMB, 2021 WL 410870, at *1 (D. Ariz. Feb. 8, 2021) ("Considering the nature of the action, the Court believes any attempt to amend the claim is futile because it determines that this claim could not be cured by the allegation of other facts."); *LaNasa v. Stiene*, No. 22CV5686KAMVMS, 2024 WL 1648001, at *10 (E.D.N.Y. Apr. 17, 2024) (citing *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 91 (2d Cir. 2023)) ("If the plaintiff was aware of the 'deficiencies in his [or her] complaint when he [or she] first amended it' and 'on the plainest notice of what was required' to survive a motion to dismiss, there is little value in permitting a third opportunity for the plaintiff to add more allegations.")

### III.     Plaintiff's Amended Complaint is a Shotgun Pleading.

Plaintiff's Amended Complaint should be dismissed in its entirety because Plaintiff's pleading continues to violate Federal Rules of Civil Procedure 8(a) and 10(b). Specifically, Plaintiff's allegations fail "to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests," instead exemplifying (in multiple ways) what courts in the Ninth Circuit have repeatedly condemned as a "shotgun pleading." *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 7643170, at *13 (D. Ariz. Dec. 23, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)); *see also, e.g.*, *Physicians Care All., LLC v. All Day Beauty, LLC*, No. 2:18-CV-2602-HRH, 2019 WL 176782, at *2 (D. Ariz. Jan. 11, 2019); *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467, at *15 (S.D. Cal. Nov. 29, 2022); *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d

983, 1000 (E.D. Cal. 2022). District Courts possess inherent authority to control their docket and ensure the prompt resolution of lawsuits, which includes the power to dismiss Amended Complaints that fail to comply with Rule 8(a) and Rule 10(b)—*i.e.*, shotgun pleadings. *Weiland*, 792 F.3d at 1320; *see also Marshall v. United Nations*, 2006 WL 1883179, at *3 (E.D. Cal. July 6, 2006) ("When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or sua sponte, to dismiss the complaint . . . ") (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Indeed, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Gurrola v. Jervis*, No. CV 08-8029-GW JTLX, 2009 WL 9548218, at *3 (C.D. Cal. Apr. 2, 2009) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996)).

Plaintiff's shotgun pleading is purposefully crafted to obscure the nature of the allegations levied against Defendants, rendering the Amended Complaint impossible to discern what purportedly unlawful activity is being ascribed to Insurance Pipeline, Shader, or both. Plaintiff's means of obscuring his allegations are threefold: (1) by incorporating into each of his counts the allegations of all preceding counts, (2) by omitting or vaguely alleging facts essential to his claims, and (3) by asserting multiple claims against the amorphous "Defendants" (or an unspecified "Defendant") without identifying which of the two Defendants are responsible for which specific acts or omissions, or which of the two Defendants the claim is brought against. Each of these characteristics of Plaintiff's Amended

Complaint, **on their own**, are enough to warrant dismissal. *Casavelli*, 2020 WL 7643170, at *13 (citing *Weiland*, 792 F. 3d at 1321-1323).

First, Plaintiff commits the "mortal sin of re-alleging all preceding counts," and the Amended Complaint thus "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire Amended Complaint." *Weiland*, 792 F. 3d at 1321. Despite having previously been alerted to this issue in Defendants' initial Motion to Dismiss, Plaintiff still fails to remedy this "mortal sin," as once again "Plaintiff incorporates the foregoing allegations as fully set forth herein" to lead off every one of the Amended Complaint's three counts. *See* D.E. 20, ¶¶ 146, 152, 157. This pleading style "overwhelm[s] defendants with an unclear mass of allegations and make[s] it difficult or impossible for defendants to make informed responses to the plaintiff's allegations," particularly in light of the fact that Plaintiff intends to bring claims against multiple defendants, including an individual defendant. *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-766 AG (ANx), 2010 WL 2674456, at *1 (C.D. Cal. June 30, 2010); *see also SEC v. Patel*, 2009 WL 2015794, at *1–2 (D.N.H. July 7, 2009) (criticizing this pleading style because "to reasonably determine that any particular claim should not be dismissed would require the court to first comb the Amended Complaint in search of factual support for each element of the multiple claims pled as to each defendant, and then evaluate the adequacy of that factual support, [which] is, of course, plaintiff's job in the first instance, not the court's.").

Second, Plaintiff continues to omit (or at best vaguely alleges) key facts essential to his claims. For example, the Amended Complaint appears to allege that eight (8) calls were placed to Plaintiff's cellular phone between December 2, 2023, and February 12, 2024. *See* D.E. 20, ¶ 20. However, Plaintiff only provides **any** detail about two (2) of the alleged calls: one received on February 8, 2024, at 12:40 PM (the fifth of the eight (8) alleged calls), and another on February 12, 2024 (albeit failing to designate which of the three (3) alleged calls that day it was). *See* D.E. 20, ¶¶ 27-71. It is unclear why Plaintiff believes the other six (6) calls can be attributed to Defendants, or indeed, how he could possibly have tied any of the first four (4) calls to Defendants when he only claims to have ascertained the identity of the caller **during the call received on February 8, 2024, at 12:40 PM**. As the transcript of that call indicates, Plaintiff has no compunction about doing whatever it takes to lead him to the identity of the calling party (including using aggression[1]), so it stands to reason that if he did actually possess facts that support his contention that Defendants placed those calls, he would have included them. He did not.

The result is that Defendants are provided with no details as to three-quarters of the alleged calls, or the basis of Defendants' assumed liability for their placement. And, because Plaintiff's claims of damages are tied directly to the number of calls at issue, the ambiguity inherent in such failure to provide any details about those six (6) calls, by itself, fatally dooms the Amended Complaint under Rules 8(a) and 10(b). *See Abbas v. Selling Source,*

---

[1] Exhibit 1 to Plaintiff's Amended Complaint shows that barely over a minute into the conversion, he begins berating the unfortunate individual on the other end of the line, interrupting him mid-sentence by saying "-- fuckin' said that al-fucking-ready. Do it already. Jesus-fucking-Christ. How stupid are you?" and continuing with "As long as they're not as fucking stupid as you, it'll be fine." *Id* at 2.

*LLC*, No. 09 CV 3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (holding that because plaintiff sought damages for each alleged violation of the TCPA, failure to provide details on each alleged call rendered plaintiff's complaint insufficient under Rule 8(a)).

Finally, ostensibly crucial allegations still vaguely refer either to "Defendants" collectively, or a singular unspecified "Defendant" without any indication as to whom Plaintiff is referring. *See*, *e.g.*, D.E. 20, ¶¶ 9-11, 13, 14, 59, 61, 76-90. Apart from the legal implications of such failure, this ultimately renders many of the allegations nonsensical, as it is simply illogical to assert, for instance, that certain alleged specific actions (like the placement of a phone call) could have been performed by two distinct defendants—one a corporate entity (Insurance Pipeline), and the other, an individual (Shader).

Ninth Circuit courts are clear that the failure to specify which claims apply to which defendant, in suits where plaintiff(s) allege multiple claims against multiple defendants, **is a fatal deficiency** that renders such claims subject to dismissal. *See, e.g.*, *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, No. 22-CV-0424-BAS-DDL, 2022 WL 17330467, at *16 (S.D. Cal. Nov. 29, 2022) ("Counts I through VII impermissibly **lump all Defendants together** using the omnibus terms 'CCDs' and 'Defendants.' [. . .] Group pleading generally is violative of Rule 8(a)(2) because it **deprives each Defendant from discerning what it, specifically, did wrong**." (emphasis added) (citing *Sollberger*, 2010 WL 2674456, at *4)); *Anderson v. JPMorgan Chase & Co.*, No. C18-73 RSM, 2018 WL 3608405, at *3 (W.D. Wash. July 26, 2018) ("The Court finds that this pleading fails the *Twombly/Iqbal* standard by conflating the actions of Defendants and generally lacking sufficient detail. Therefore this claim is properly dismissed"); *Chagolla v. Vullo*, No. CV-17-

01811-PHX-SPL, 2018 WL 10602297, at *2 (D. Ariz. Mar. 30, 2018) (holding that Amended Complaint failed to meet federal pleading requirements where "Plaintiff does not provide sufficient notice to the Defendants as to **how each individual Defendant allegedly violated each of the various laws** and constitutional rights cited in the amended Amended Complaint"); *Physicians Care All., LLC v. All Day Beauty, LLC*, No. 2:18-CV-2602-HRH, 2019 WL 176782, at *2 (D. Ariz. Jan. 11, 2019) (emphasis added); *Clark v. Mayfield*, 74 A.F.T.R.2d 94-7323 (S.D. Cal. Nov. 21, 1994) ("[F]ederal courts repeatedly have required a plaintiff suing multiple defendants to set forth sufficient facts to lay a foundation for recovery against each particular defendant named in the suit").

Thus, if these claims were allowed to stand (they should not) in spite of Plaintiff's repeated failure to adequately allege them, Defendants would each be forced to defend themselves from every vague allegation in the Amended Complaint, and moreover, to decipher the bases upon which they are being sued without notice as to what facts Plaintiff believes would render them liable for each of the eight (8) calls alleged in the Amended Complaint. At bottom, the Amended Complaint still commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F. 3d at 1322-1323. This is yet another demonstration of the Plaintiff's use of impermissible shotgun pleading, any one of the foregoing examples of which would **alone** be sufficient to justify dismissal of the Amended Complaint. And, because Plaintiff continues to fail to adequately plead his claims, the Amended Complaint should be dismissed with prejudice. *LaNasa*, 2024 WL 1648001, at *10.

### IV. Plaintiff's Amended Complaint Fails to State a Claim under the TCPA against Individual Defendant Andrew Shader.

Finally, Plaintiff's Amended Complaint once again fails to sufficiently plead facts that could support a finding of individual liability against Shader. As a general rule of agency law, the personal liability of a corporate director or officer must be "founded upon specific acts by the individual director or officer." *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014) (citing *United States v. Reis*, 366 Fed. Appx. 781, 782 (9th Cir. 2010)). With respect to the TCPA, courts have routinely held that officers of a corporation may not be held individually liable simply because the corporation violated the TCPA. *See, e.g., Shelton v. CSG Solutions Consulting LLC*, 2019 WL 11504659, *1 (M.D. Fla., Feb. 5, 2019) (corporate officers must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct, and were not merely tangentially involved); *Mais v. Gulf Coast Collection Bureau, Inc.,* No. 11–61936–CIV–SCOLA, 2013 WL 1283885, *1 (S.D. Fla. Mar. 27, 2013) (granting summary judgment in favor of corporate officer defendant due to lack of evidence that the individual defendant "had anything personally to do with the calls made" or that he "authorized or personally engaged in conduct that clearly violated the TCPA.").

Plaintiff's Amended Complaint contains few allegations of fact regarding Shader, and certainly none that would support the notion that he was somehow personally involved in any activity that would make him liable under the TCPA (or FTSA, for that matter). In fact, every factual allegation proffered by Plaintiff "tying" Shader to the complained-of conduct is either a conclusory statement (D.E. 20, ¶¶ 12, 91, 95, 97, 101), or ultimately just a reference

to some title he purportedly holds in Insurance Pipeline (D.E. 20, ¶¶ 92, 93, 100). None of those allegations contain any **specific** facts demonstrating "direct, personal participation" in the alleged calls or that Shader "personally authorized the conduct found to have violated the statute." *Whittaker v. Real Est. Heaven Int'l Inc.*, No. CV-21-08212-PCT-DJH, 2022 WL 1540168, at *4 (D. Ariz. May 16, 2022) (citing *Van Sweden Jewelers, Inc. v. 101 VT, Inc.*, 2012 WL 4074620, at *8 (W.D. Mich. June 21, 2012)). Although Plaintiff claims that Shader is, variously, "the principal officer," "President," "CEO, founder, and primary manager" of Insurance Pipeline, he does not even attempt to provide any factual basis as to how those roles actually entail any responsibilities that involve authorizing or directing the alleged unlawful conduct. *See* D.E. 20, ¶¶ 92, 93, 100. Even if such allegations as to Shader's status in Insurance Pipeline were true, "[d]irect liability under the TCPA does not depend on one's status as a corporate officer." *Whittaker*, 2022 WL 1540168, at *4 (quoting *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019)). As it stands, one may reasonably infer that the reason Shader has been drawn into this litigation is solely by virtue of the unfortunate fact that his name appears on public filings, and not because of any particular facts known to Plaintiff.

This case does not appear to have been Plaintiff's first attempt to impose personal liability under the TCPA on an otherwise uninvolved corporate officer. In a recent case before this Court, in which Plaintiff similarly brought suit alleging—in apparently identical fashion—violations of the TCPA against an unrelated defendant and its owner, Judge Lanza determined that "[t]he allegation that [company owner Justin] Villalobos 'personally participated [. . .] by personally directing and authorizing the scripting and selecting of calls

to be made' and by 'orchestrating the calling strategy, including by choosing to use pre-recorded calls' (Doc. 1 ¶11)[2] is conclusory and unsupported by specific facts." *Jason Crews, Plaintiff, v. Sun Sols. AZ LLC, et al., Defendants. Additional Party Names: Justin Villalobos*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *7 (D. Ariz. June 10, 2024). Observing that "the allegation also appears to be boilerplate," Judge Lanza held that the calls in which the individual defendant did not personally participate (by means of directly speaking with Plaintiff) **were not actionable under the TCPA**. *Id*. Plaintiff's Amended Complaint, just like his initial Complaint and (evidently) that in the other case described above, possesses this same critical flaw. Therefore, just as Judge Lanza held, Plaintiff's conclusory allegations are simply not enough to state a claim for personal liability. *See also Rucker v. National Automotive Financial Services, LLC*, 2021 WL 4482831 (D. N.J., Sept. 30, 2021) (dismissing claim for personal liability under the TCPA where plaintiff advanced generic allegations that the calls were made "under the direction" of owner and president of company and that owner and president of company "oversaw, directed and authorized" his companies and the calls at issue); *Bank v. Simple Health Plans LLC*, 2019 WL 7878570, at *7 (E.D.N.Y. Dec. 12, 2019) (stating that courts have consistently found that conclusory allegations that corporate officers personally participated in violations of the TCPA are insufficient to state a claim); *Worsham v. Travel Options, Inc.*, 2016 WL 4592373, at *2 (D. Md. Sept. 2, 2016) (finding that a corporate officer was not liable for violations of the TCPA

---

[2] Indeed, the citation in Judge Lanza's decision appears to confirm that the exact same allegation appears nearly verbatim in that case as in the instant case, but for the swapping out of the other defendant's officer's name with that of Shader's. This is indicative of a form complaint that cannot be supported by material facts.

where plaintiff alleged that the officer defendant approved of the telemarketing patterns and "ratified the acts and conduct of all person [sic] involve [sic] in the Scam" because such allegations were not within the knowledge of the plaintiff and therefore amounted to mere conclusions with no supporting factual basis); *Shelton*, 2019 WL 11504659, *1 (M.D. Fla., Feb. 5, 2019) (dismissing claims against individuals where plaintiff failed to distinguish between the individual defendants to determine which of the individual defendants supervised and directed employees to violate the TCPA).

Plaintiff's attempts to plead claims against Shader ultimately rest on an incorrect assumption that his mere status within the corporate entity at issue somehow subjects him to individual liability under the TCPA. It does not. The fact that Plaintiff's amendment added **zero** specific facts to establish Shader's personal liability, instead merely comprising yet more conclusory statements, indicates that Plaintiff lacks the ability to make the necessary factual allegations, and resultingly, that further leave to amend would be futile. Therefore, Plaintiff's claims against Shader should be dismissed with prejudice because Plaintiff has not met—and cannot meet—his burden to state a plausible claim upon which relief can be granted.

## **CONCLUSION**

Plaintiff fails to establish any standing to bring a Florida state law claim under the FTSA—Plaintiff is not alleged to be a resident of Florida, and does not establish Defendants' statutory liability under the FTSA. Moreover, Plaintiff's Amended Complaint is a shotgun pleading that broadly fails to put Defendants on notice of the claims against each Defendant. Finally, Plaintiff's Amended Complaint fails to state a claim for personal liability against

Shader. For these reasons, in conjunction with Plaintiff's demonstrated inability to provide adequate factual support for his claims, this Court should dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

WHEREFORE, Defendants, Insurance Pipeline, Inc. and Andrew Shader, respectfully request this Court enter an Order dismissing Plaintiff's First Amended Complaint [D.E. 20] with prejudice, and awarding any such further and other relief in favor of Defendants as this Court may deem just and proper.

## MEET AND CONFER CERTIFICATION

Pursuant to LRCiv 12.1, the undersigned counsel certifies that on July 9, 2024, counsel for Defendants Insurance Pipeline, Inc. and Andrew Shader attempted to meet and confer with Plaintiff, who appears in this matter *pro se*, and exchanged correspondence via electronic mail regarding the issues asserted in this Motion. The Parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. A true and correct copy of the Parties' exchange is attached hereto as **Exhibit "A."**

Dated: July 10, 2024.

        **GREENSPOON MARDER LLP**

        By:   */s/ Daniel Nageotte*
        Daniel Nageotte
        8585 E. Hartford Drive, Suite 700
        Scottsdale, AZ 85255

        By:   */s/ Jamey R. Campellone*
        Jamey R. Campellone (*Admitted Pro Hac Vice*)
        Steven J. Fonseca (*Pro Hac Vice Anticipated*)
        1800 E. Broward Blvd., Ste. 1800
        Ft. Lauderdale, FL 33301

        *Attorneys for Defendants Insurance Pipeline, Inc. and Andrew Shader*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

                              /s/ Marlee Grayson