# EXHIBIT A

**Steven Fonseca**

| | |
|---|---|
| **From:** | Jamey Campellone |
| **Sent:** | Wednesday, July 10, 2024 1:10 PM |
| **To:** | Jason Crews (the1gofer) |
| **Cc:** | Gabby Mangar; Steven Fonseca; Daniel Nageotte |
| **Subject:** | RE: Crews v. Insurance Pipeline and Andrew Shader; Request to Meet and Confer |

Thanks, Mr. Crews. We will note your objection.

Thank you,

Jamey

**Jamey R. Campellone, Esq.**
Greenspoon Marder LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Phone: 954-491-1120 | Ext. 2304
Direct: 954-527-6296 | Direct Fax: 954-333-4296
jamey.campellone@gmlaw.com
www.gmlaw.com

  

**From:** Jason Crews (the1gofer) <jason.crews@gmail.com>
**Sent:** Wednesday, July 10, 2024 11:16 AM
**To:** Jamey Campellone <Jamey.Campellone@gmlaw.com>
**Subject:** RE: Crews v. Insurance Pipeline and Andrew Shader; Request to Meet and Confer

   **[External Sender]**

Once again, this is not a "good faith" request. You email me, demand a conference, propose no dates or times, and when I respond, you accuse me of gamesmanship. Like last time when you waited several days AFTER filing your motion to demand I confer with less than one business day notice, this is not good faith.

There is no gamesmanship from me, I am not a lawyer, I do not have the luxury of working for a firm with hundreds of lawyers like you. I work for a living, in addition to defending rights. I will be traveling very soon here, and will have limited access to prepare for a conference.

Let's be honest, considering some of your objections aren't even good law in this circuit and your **repeated** disregard for this Court's local rules, there is nothing I can do or say which could

possibly satisfy you, not because my pleadings are faulty, but because you want to roll the dice see if you can get my complaint dismissed on procedural grounds rather that litigate it on merits.

Jason Crews

On Wed, Jul 10, 2024 at 5:23 AM, Jamey Campellone <Jamey.Campellone@gmlaw.com> wrote:

> Mr. Crews,
>
> Good morning. Not being available to confer until the week of July 29 (20 days from our initial request) is unreasonable and I view your unavailability as gamesmanship. I am confident that the Court will too.
>
> As you may know, Local Rule 12.1(c) states, in pertinent part: "The movant may comply with this rule through personal, telephonic, or **written notice** of the issues that it intends to assert in a motion." (emphasis added). Accordingly, we have attempted to meet and confer with you in a good faith effort via written notice and will include a certification stating same. I can only assume that your unwillingness to timely confer means that you oppose Defendants' Motion to Dismiss Plaintiff's Amended Complaint. We will include same in the certification unless I hear from you otherwise prior to us filing Defendants' Motion to Dismiss later today.
>
> Thank you,
>
> Jamey
>
> GreenspoonMarder LLP
>
> **Jamey R. Campellone, Esq.**
>
> Greenspoon Marder LLP
>
> 200 East Broward Boulevard, Suite 1800
>
> Fort Lauderdale, Florida 33301
>
> Phone: 954-491-1120 | Ext. 2304

Direct: 954-527-6296 | Direct Fax: 954-333-4296

jamey.campellone@gmlaw.com

www.gmlaw.com

[facebook.com]  [linkedin.com]  [twitter.com]

---

**From:** Jason Crews (the1gofer) <jason.crews@gmail.com>
**Sent:** Wednesday, July 10, 2024 2:54:13 AM
**To:** Steven Fonseca <Steven.Fonseca@gmlaw.com>
**Subject:** Re: Crews v. Insurance Pipeline and Andrew Shader; Request to Meet and Confer

Hello,

My next availability will be week of July 29.  Please provide some times when you are available during that week.

Jason Crews

On Tue, Jul 09, 2024 at 8:57 AM, Steven Fonseca <Steven.Fonseca@gmlaw.com> wrote:

> Mr. Crews,
>
> As you are aware, we represent Insurance Pipeline, Inc. and Andrew Shader in this lawsuit. This is a request to meet and confer with you promptly to discuss the deficiencies in your First Amended Complaint, and whether you would be willing to cure these deficiencies by amending your pleading.
>
> Specifically, the deficiencies that were present in your initial Complaint still exist in this Amended Complaint. For instance, you continue to assert a Florida law claim without establishing your standing

3

to bring such a claim, as you plead no facts to support the idea that you are entitled to the protections of Florida laws. Additionally, your Amended Complaint still fails in multiple ways to satisfy the pleading standards set forth by Federal Rules of Civil Procedure 8(a) and 10(b) (thus making your Amended Complaint an illegitimate "shotgun pleading"): you repeatedly lump Defendants together, both in the factual paragraphs and in your claims, and furthermore, Counts Two and Three re-allege all preceding allegations as part of their own claims. Finally, you offer only conclusory statements (and no specific facts) to support your claim that Andrew Shader is personally liable for the placement of the alleged calls.

Please be advised that if the above issues are not cured by amendment, Defendants intend to file a Motion to Dismiss Plaintiff's First Amended Complaint premised on these grounds.

Please confirm what time(s) you are available today for this meet and confer, and please let us know the best number to reach you.

Thanks,

Steven

# GreenspoonMarder<sub>LLP</sub>

**Steven J. Fonseca, Esq.**

Greenspoon Marder LLP

200 East Broward Boulevard, Suite 1800

Fort Lauderdale, Florida 33301

Phone: 954-491-1120 | Ext. 3493

Direct: 954-527-2493

steven.fonseca@gmlaw.com

www.gmlaw.com


[facebook.com]   [linkedin.com]   [twitter.com]

GREENSPOON MARDER LLP LEGAL NOTICE

The information contained in this transmission may be attorney/client privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail.

Unless specifically indicated otherwise, any discussion of tax issues contained in this e-mail, including any attachments, is not, and is not intended to be, "written advice" as defined in Section 10.37 of Treasury Department Circular 230.

A portion of our practice involves the collection of debt and any information you provide will be used for that purpose if we are attempting to collect a debt from you.